1  **McCARTHY & HOLTHUS, LLP**
2  David C. Scott, Esq. (SBN: 225893)
   1770 Fourth Avenue
3  San Diego, CA 92101
   Telephone: (619) 685-4800
4  Facsimile: (619) 685-4811
   Email: dscott@mccarthyholthus.com

5  Attorneys for Defendant,
6  Federal Home Loan Mortgage Corporation

7

8              **UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  QU, YAN, an individual;<br>LI, MAN, an individual, | Case No. 3:13-cv-06005-MEJ |
| 11 | **MEMORANDUM OF POINTS AND** |
| 12                                    Plaintiff, | **AUTHORITIES IN SUPPORT OF**<br>**DEFENDANTS' MOTION TO** |
|      v. | **DISMISS PURSUANT TO RULE**<br>**12(b)(6)** |
| 13  HUANG, MIKE, an individual; | |
| 14  ZIPREALTY, INC.; a California<br>Corporation; | Date: March 13, 2014<br>Time: 2:00 p.m. |
| 15  QUEZADA, MICHAEL, an individual;<br>FEDERAL NATIONAL TITLE | Dept.: Court Room 2<br>Judge: Hon. Claudia Wilken |
| 16  COMPANY, INC. aka FEDERAL<br>NATIONAL COMPANY OF | |
| 17  CALIFORNIA aka FEDERAL<br>NATIONAL TITLE INSURANCE | **[No oral argument unless requested**<br>**by the court]** |
| 18  COMPANY, a California Corporation;<br>WACHOVIA CORPORATION, an | |
| 19  unknown business entity;<br>WELLS FARGO BANK, N.A., an | |
| 20  unknown business entity;<br>FEDERAL HOME LOAN | |
| 21  MORTGAGE CORPORATION, an<br>unknown business entity; | |
| 22  and DOES 1 through 100, inclusive, | |
| 23                                  Defendants. | |

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

**POINTS AND AUTHORITIES**

CA13-3879

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... i

INTRODUCTION ......................................................................................................... 1

POINTS & AUTHORITIES ........................................................................................... 2

   I.  A Motion to Dismiss Under Rule 12(B)(6) Must Be Granted When The Complaint Fails to Show the Plaintiffs Are Entitled To Relief ............. 2

   II. Plaintiffs' Complaint Must Be Dismissed In Its Entirety For Failure To State A Claim. ............................................................................................ 3

      A. Plaintiffs' First Cause of Action for Negligence Should be Dismissed Against Freddie Mac Because It Did Not Owe Plaintiffs A Duty, and Plaintiffs' Claim is Time-Barred. ..................... 3

      B. Plaintiffs' Fourth Cause of Action For Negligent Infliction of Emotional Distress Against Freddie Mac Because It Did Not Owe Plaintiffs A Duty, and Plaintiffs' Claim is Time-Barred. ............... 4

CONCLUSION ............................................................................................................ 6

**McCARTHY & HOLTHUS, LLP**
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA13-3879

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal
  129 S.Ct. 1937 (2009) .................................................................. 2

Averbach v. Vnescheconombank
  280 F. Supp. 2d 945 (N.D. Cal. 2003) ........................................ 4

Balistreri v. Pacifica Police Dept.
  901 F.2d 696 (1990) .................................................................... 2

Beauchamp v. Los Gatos Golf Course
  273 Cal. App. 2d 20 (1969) ......................................................... 5

Bell Atlantic v. Twombly
  127 S. Ct. 1955 (2007) ................................................................ 2

Hal Roach Studios, Inc. v. Richard Feiner & Co.
  896 F.2d 1542 (1990) .................................................................. 2

Ivey v. Boad of Regents
  673 F.2d 266 (1982) .................................................................... 3

John B. v. Superior Court
  38 Cal.4th 1177 (2006) ................................................................ 5

Merrill v. Navegar
  26 Cal.4th 465 (2001) .................................................................. 4

Navarro v. Block
  250 F.3d 729 (2001) .................................................................... 2

Papasan v. Allain
  478 U.S. 265 (1986) .................................................................... 2

Pineda v. Reyes
  2009 U.S. Dist. LEXIS 96853 (2009) .......................................... 2

Potter v. Firestone Tire & Rubber Co.
  6 Cal.4th 965 (1993) ............................................................... 4, 5

Shah v. County of Los Angeles
  797 F.2d 743 (1986) .................................................................... 3

Simmons v. Peavy-Welshe Lumber Co.
  113 F2d 812 (1940) ..................................................................... 3

Sprewell v. Golden State Warriors
  266 F.3d 979 (2001) ................................................................. 2, 3

Swartz v. KPMG LLP
  476 F.3d 756 (2007) .................................................................... 2

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA13-3879

_Western Mining Council v. Watt_
   643 F.2d 618 (1981) ............................................................................ 3

_Wylie v. Gresch_
   191 Cal.App.3d 412 (1987) .................................................................. 5

**Statutes**

Cal. Code Civ. P. § 335.1 .................................................................. 4, 5

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

CA13-3879

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss the Second Amended Complaint filed by Plaintiffs Yan Qu and Man Li (collectively "Plaintiffs").

## INTRODUCTION

Freddie Mac is the owner of real property commonly known as 342 Blossom Way, Hayward, California ("Freddie Mac's Real Property"). (SAC ¶¶ 13, 16-17, 22-24, 30.) Due to an apparent clerical error by co-Defendants, they listed Freddie Mac's Real Property for sale instead of the property owned by Wells Fargo located at 340 Blossom Way, Hayward California ("Wells Fargo's Real Property"). (SAC ¶ 15; Ex. "1".) As a result of the co-Defendant's error, they sold Freddie Mac's Real Property to Plaintiffs. Because Wells Fargo did not have an interest in Freddie Mac's Property, the sale to Plaintiffs is void. (SAC ¶¶ 15-21, 24.)

Freddie Mac did not participate in the marketing of its real property. (See SAC *generally*.) Nevertheless, Plaintiff's Second Cause of Action accuses Freddie Mac of Negligence. Further, Plaintiff's Third Cause of Action alleges Freddie Mac is liable to them for Negligent Infliction of Emotional Distress. As set forth below, Plaintiffs cannot establish a cause of action against Freddie Mac for the co-Defendants failure to market the correct property, Wells Fargo's Real Property. Indeed, Freddie Mac did not participate in any manner whatsoever in the sale of its property to Plaintiffs. Finally, if this Court were to find a duty owed by Freddie Mac to Plaintiffs, Plaintiffs' claims are time barred. For these reasons, Plaintiff's Second Amended Complaint against Freddie Mac should be dismissed with prejudice.

/ / / /

/ / / /

/ / / /

/ / / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA  92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA13-3879

**POINTS & AUTHORITIES**

## I.  A Motion to Dismiss Under Rule 12(B)(6) Must Be Granted When The Complaint Fails to Show the Plaintiffs Are Entitled To Relief.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a Defendant to bring a motion to test the legal sufficiency of the allegations in a complaint. Navarro v. Block, 250 F.3d 729, 732 (2001). Such a motion should be granted when the plaintiff's allegations, taken as true, do not entitle the plaintiff to the relief sought in the Complaint. A dismissal pursuant to Rule 12(b)(6) is required where the Complaint lacks a "cognizable legal theory" or does not plead facts sufficient to support a cognizable theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Pineda v. Reyes, 2009 U.S. Dist. LEXIS 96853, at *5 (S.D. Cal. Oct. 20, 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). In other words, the Complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Instead, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id.

In ruling on a 12(b)(6) Motion to Dismiss, the court "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (1990). "The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint." Pineda v. Reyes, 2009 U.S. Dist. LEXIS 96853, at *6 (citing Branch v. Tunnell, 14 F.3d 449, 454 (1994)). Additionally, the court may take judicial notice of matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (2001).

However, the Court need not accept unreasonable inferences or "conclusory, unwarranted deductions of fact" cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (2001). In particular, when said

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA13-3879

inferences remain unsubstantiated.  Id.  Also, where allegations in pleadings and the exhibits thereto conflict, the exhibits control.  Simmons v. Peavy-Welshe Lumber Co., 113 F2d 812, 813 (1940).   Further, a court may not "supply essential allegations of the claim that were not initially plea."  Ivey v. Boad of Regents, 673 F.2d 266, 268 (1982).   And, while all *well pled* facts in a Complaint are to be assumed true, conclusory allegations, as discussed above, are to be discarded.  Shah v. County of Los Angeles, 797 F.2d 743, 745 (1986).   Thus, the liberality with which courts view pleadings cannot salvage a conclusory claim completely devoid of any factual support.  Western Mining Council v. Watt, 643 F.2d 618, 624 (1981).

## II.   Plaintiffs' Complaint Must Be Dismissed In Its Entirety For Failure To State A Claim.

Plaintiffs' Second Amended Complaint asserts two causes of action against Freddie Mac:  The Second Cause of Action for Negligence, and Fourth Cause of Action for Negligent Infliction of Emotional Distress.  These causes of action fail because, as set forth in Plaintiff's Second Amended Complaint, Freddie Mac did not participate in selling any property to Plaintiffs.  Finally, even if a tort duty of care existed between Plaintiffs and Freddie Mac, Plaintiffs' claims are time-barred.  Accordingly, Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

### A. Plaintiffs' First Cause of Action for Negligence Should be Dismissed Against Freddie Mac Because It Did Not Owe Plaintiffs A Duty, and Plaintiffs' Claim is Time-Barred.

To establish a negligence claim against Freddie Mac, Plaintiff argues that "Defendant Federal Home Loan Mortgage failed to properly manage its own property, allowed its co-defendants access to its property, to list its property for sale and to sell its property."  (SAC ¶ 32.)  However, nowhere in Plaintiff's allegations do Plaintiffs allege there was a duty owed by Freddie Mac to Plaintiffs.

To maintain a cause of action for negligence, a plaintiff must show: (1) a legally cognizable duty owed by defendant to plaintiffs; (2) breach of that duty;

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA13-3879

(3) causation; and (4) resulting injury to the plaintiffs. <u>Merrill v. Navegar</u>, 26 Cal.4th 465, 500 (2001). Here, as supported by Plaintiffs' own Second Amended Complaint, Freddie Mac is the owner of 342 Blossom Way (SAC ¶¶ 13, 16-17, 22-24, 30.)

Indeed, Plaintiffs do not allege that Freddie Mac ever made any representations to Plaintiffs about any of the properties. The fact co-Defendants sold the wrong property to Plaintiffs does not create a legally cognizable duty owed by Freddie Mac to Plaintiffs. For this reason, Plaintiffs cannot establish a Negligence Cause of Action against Freddie Mac due to the purported negligence of the other co-Defendants.

Finally, Plaintiffs' claim for negligence is time-barred because it must be brought within two years of the alleged wrongful act. Cal. Code Civ. P. § 335.1. Plaintiffs argue they were served with an eviction notice from Freddie Mac on September 24, 2010. (SAC ¶ 22.) The eviction notice would have given Plaintiffs notice of the title issue to Freddie Mac's Real Property. Plaintiffs did not file their initial action until April 24, 2013. Because Plaintiff's claim is time-barred, this Court should dismiss Plaintiff's Second Cause of Action with prejudice.

### B. <u>Plaintiffs' Fourth Cause of Action For Negligent Infliction of Emotional Distress Against Freddie Mac Because It Did Not Owe Plaintiffs A Duty, and Plaintiffs' Claim is Time-Barred.</u>

Similar to Plaintiffs' Second Cause of Action, Plaintiffs accuse Freddie Mac of Negligent Infliction of Emotional Distress due to the purported negligence of the co-Defendants of them selling Freddie Mac's Real Property to Plaintiffs instead of selling them Wells Fargo's Real Property. (SAC ¶¶ 36-39.) As above, Freddie Mac does not owe Plaintiff's a duty of care.

The California Supreme Court has emphasized that "there is no independent tort of negligent infliction of emotional distress." <u>Potter v. Firestone Tire & Rubber Co.</u>, 6 Cal.4th 965, 984 (1993); <u>see also</u> <u>Averbach v. Vnescheconombank</u>, 280 F. Supp. 2d 945, 960 (N.D. Cal. 2003). Instead, "the tort is negligence, a cause

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA13-3879

of action in which duty to the plaintiff is an essential element." <u>Potter</u>, 6 Cal. 4th at 984.   Thus, to state a claim, the Plaintiffs must meet the essential elements of negligence – duty, breach, causation, and damages.   <u>John B. v. Superior Court</u>, 38 Cal.4th 1177, 1188 (2006).   The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence.   <u>Beauchamp v. Los Gatos Golf Course</u>, 273 Cal. App. 2d 20, 32 (1969).   "Whether a legal duty exits in a given case is primarily a question of law."   <u>Wylie v. Gresch</u>, 191 Cal. App. 3d 412, 416 (1987).

As discussed above, Plaintiffs and Freddie Mac are strangers.   Freddie Mac did not sell its real property to Plaintiffs and Freddie Mac never made any representations to them.   (<u>See</u> SAC *generally*.)   Accordingly, no duty was ever created between Freddie Mac and Plaintiffs.   For these reasons, Plaintiffs' Fourth Cause of Action should be dismissed with prejudice.

Finally, as discussed above, Plaintiffs must bring their action within two years for any purported negligence.   Cal. Code Civ. P. § 335.1.   However, Plaintiffs failed to bring their action within two years.   Plaintiffs' knew or should have known that they did not have title to Freddie Mac's Real Property when they were served with an eviction notice on September 24, 2010 (SAC ¶ 22.)   However, Plaintiff's failed to bring their original Complaint until April 24, 2013.   (Req. for Judicial Notice, ex. "A".)   Accordingly, Plaintiff's claim is claim is time-barred, and this Court should dismiss Plaintiff's Fourth Cause of Action with prejudice.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA13-3879

**CONCLUSION**

For the foregoing reasons, each and every cause of action against Freddie Mac in the Second Amended Complaint should be dismissed.  No cause of action, based on the facts currently alleged, can survive a Rule 12(b)(6) attack, and should be dismissed with prejudice.

Dated:  February 10, 2014

Respectfully submitted,
**McCARTHY & HOLTHUS, LLP**

By: /s/ David C. Scott
David C. Scott, Esq.
Attorney for Defendant,
Federal Home Loan Mortgage Corporation

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA13-3879