IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YAN QU and MAN LI,

   Plaintiffs,

 v.

MIKE HUANG; ZIPREALTY, INC.;
PRUDENTIAL CALIFORNIA REALTY;
JOHN A. AZEVEDO; WACHOVIA
CORPORATION; WELLS FARGO BANK,
N.A.; and FEDERAL HOME LOAN
MORTGAGE CORPORATION,

   Defendants.
_____/

No. C 13-6005 CW

ORDER GRANTING
MOTIONS TO DISMISS
AND GRANTING
PLAINTIFFS LEAVE
TO AMEND CERTAIN
CLAIMS AGAINST
DEFENDANT WELLS
FARGO

  Plaintiffs Yan Qu and Man Li assert various claims related to their purchase of a condominium in Hayward, California.  Defendant Wells Fargo Bank, N.A., as successor by merger with Wachovia Mortgages, FSB, erroneously sued as Wachovia Corporation, and Defendant Federal Home Loan Mortgage Corporation (FHLM) have filed motions to dismiss the second amended complaint (2AC).[1]  Plaintiffs oppose the motions.  Having considered the papers filed by the parties, the Court GRANTS Defendant Wells Fargo's motion to dismiss (Docket No. 9) and grants Plaintiffs leave to amend certain claims against Wells Fargo.  The Court grants Defendant FHLM's motion to dismiss without leave to amend (Docket No. 23).

---

[1] Defendants Michael Huang, Ziprealty, Inc., John Azevedo and Prudential California Realty have answered the complaint.  Several of the parties have filed cross- and counter-claims that are not at issue in these motions.

BACKGROUND

The following facts are taken from the 2AC and certain documents of which the Court takes judicial notice.[2]  Plaintiffs allege that, at all times relevant to this complaint Plaintiff Li was stationed in Japan with the United States Navy.  2AC ¶ 12.  Plaintiffs further allege that Li's mother, Plaintiff Qu, "speaks and comprehends little to no English, and has limited written English comprehension skills."  Id.  Plaintiff Li signed the relevant documents after they were emailed or mailed to her in Japan, or Plaintiff Yu signed documents with power of attorney for Plaintiff Li, or both.  Id.

In 2010, Defendant Azevedo, a real estate agent working for Defendant Prudential California Realty, was the listing broker for a condominium at 342 Blossom Way in Hayward, California.  2AC ¶ 15; see also 2AC, Ex. 1.  The listing for the property notes that "public Record shows address as: 336 Blossom Way #3."  2AC, Ex. 1.  Plaintiffs were represented by Defendant Huang, a real estate agent working for Defendant Ziprealty, Inc., who showed them the property at 342 Blossom Way.  SAC ¶ 15.  On January 20, 2010, Plaintiffs signed a Residential Purchase Agreement to purchase the property at 342 Blossom Way.  Id.; see also SAC, Ex. 2.  Plaintiffs allege that, prior to closing on the property, they received other documents from Fidelity National Title related to the purchase of the property and that some of those documents

---

[2] With their filings, Defendants Wells Fargo and FHLM have asked that the Court take judicial notice of various documents, including Plaintiffs' original complaint in this case and documents related to the purchase of the property.  Plaintiffs do not oppose or object to the requests and the Court grants them.

2

refer to the property purchased as 336 Blossom Way #4.  SAC ¶ 18. Plaintiffs further allege that some of the documents refer to APN 429-0014-128, while others refer to APN 429-0014-129.  Id. Plaintiffs do not attach any of these documents to their complaint.

A grant deed recorded February 19, 2010 indicates Wells Fargo, NA granted the property to Plaintiffs.  SAC, Ex. 2.  The grant deed refers to Assessor's Parcel Number (APN) 429-0014-129. Id.  The grant deed does not include any street addresses.[3]  Id. On February 19, 2010, Defendant Huang gave them the keys to 342 Blossom Way and they proceeded to move into the property and spend "a substantial amount of money to renovate the property."  Id. ¶ 21.

On September 24, 2010, a law enforcement officer served Plaintiffs with a notice of a delayed access to unlawful detainer case against named and unnamed defendants, Alameda Superior Court case number HG10537928, Federal Home Loan Mortgage Corporation v. Singh.  Id. ¶ 22.  On April 25, 2011, Plaintiffs received a letter from an attorney, stating that FHLM held title to the property identified as 342 Blossom Way, Unit #3 and Plaintiffs hold title to 340 Blossom Way, Unit #4.  Id. ¶ 23.  The letter asked Plaintiffs to move out of 342 Blossom Way and into 340 Blossom Way.  Plaintiffs state that the day they received the letter was

---

[3] Plaintiffs allege that they received a grant deed that identified the property as "342 Blossom Way, #4" and "APN: 429-0014-129."  2AC ¶ 20.  Plaintiffs do not provide a copy of this grant deed.

3

the first time they suspected there was something wrong with the title to their property.

On April 23, 2013, Plaintiffs filed a complaint in state court. On December 13, 2013, Plaintiffs filed the 2AC at issue in this motion. Also on December 13, 2013, Defendant FHLM removed the action to this Court.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the

4

complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

I.  Defendant Wells Fargo's Motion to Dismiss

Defendant Wells Fargo argues that each of Plaintiffs' causes of action against it fails to state a claim upon which relief can be granted.

   A.  Breach of Fiduciary Duty

Defendant Wells Fargo argues, and Plaintiffs concede, that there was no fiduciary relationship between Plaintiffs and Defendant Wells Fargo. Accordingly, the Court dismisses this cause of action as to Defendant Wells Fargo without leave to amend.

   B.  Negligence

Defendant Wells Fargo next argues that Plaintiffs fail to state a claim for negligence against it. "The threshold element of a cause of action for negligence is the existence of a duty to use due care." Paz v. State of Cal., 22 Cal. 4th 550, 559 (2000), citing Bily v. Young & Co., 3 Cal. 4th 370, 397 (1992). Aside from affirmative duties that arise in the context of special relationships, a person is responsible for "an injury occasioned to another by his want of ordinary care or skill in the management of his property or person." Cal. Civ. Code § 1714(a). California law also provides, "A person may not ordinarily recover in tort for the breach of duties that merely restate contractual

5

obligations. Instead, courts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." <u>Aas v. Superior Court</u>, 24 Cal. 4th 627, 643 (2000), <u>superseded by statute on other grounds as stated</u> in <u>Burch v. Superior Court</u>, 223 Cal. App. 4th 1411 (2014) (internal quotation marks and citations omitted).

Where, as here, an agreement to purchase real property results in the recording of a deed, the rights of the parties "depend upon the deed, and not upon the agreement--the latter being merged in and extinguished by the former. The deed is deemed to express the final and entire contract between the parties." <u>Bryan v. Swain</u>, 56 Cal. 616, 617 (1880). As Defendant Wells Fargo points out, California law provides that a grant deed, the method by which the property was conveyed from Defendant Wells Fargo to Plaintiffs, contains two implied covenants and "none other," that: (1) "previous to the time of the execution of such conveyance, the grantor has not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee" and (2) "such estate is at the time of the execution of such conveyance free from incumbrances done, made, or suffered by the grantor, or any person claiming under him." Cal. Civ. Code § 1113. Moreover, Plaintiff does not allege that Defendant Wells Fargo had any knowledge of the error prior to the date of the sale.

Plaintiffs argue, without citation, that Defendant Wells Fargo "owed a duty to the plaintiffs that it only list[], show[], and sell[] a property that it owns." Opposition to Motion to

6

Dismiss at 2.  Plaintiffs further allege that "while there were numerous discrepancies in the title search including but not limited to two assessor's parcel numbers to describe 342 Blossom Way, [Defendant Wells Fargo] made no effort to investigate the matter and correct mistakes in the titles if any."  2AC ¶ 30.  However, Plaintiffs entered into an arm's-length transaction with Defendant Wells Fargo to purchase the property.  See Erlich v. Menezes, 21 Cal. 4th 542, 551 (1999) ("An arms-length commercial transaction does not generally implicate such a 'special relationship.'")  Moreover, as discussed above, the home was transferred through a grant deed, which provides no covenant of good title.

Further, there is a presumption that a buyer of real property "act[s] upon his own knowledge of the title, and he will not be heard to complain that he did not receive a perfect title, unless some misrepresentation was made, upon which he was authorized to and did, rely in making the contract, that will entitle him to relief."  Gaffey v. Welk, 46 Cal. App. 385, 388 (1920) (internal quotation marks omitted).  In California, "it is standard--and always necessary--for a buyer to require the issuance of a policy of title insurance concurrent with (and as a condition of) the closing, insuring that title is held in the buyer's name."  Greenwald & Bank, Cal. Practice Guide: Real Property Transactions (The Rutter Group 2013) ¶ 3:12, p. 3-6 (emphasis in original); see also id. at ¶ 4:404, p. 4-94.3 ("buyers should thoroughly research the condition of title to the property to be purchased") (emphasis in original).  Indeed, the sales contract attached to Plaintiffs'

complaint indicates that Plaintiffs as buyers were responsible for purchasing a title insurance policy.  See Complaint, Ex. 2 at 2.

Plaintiffs acknowledge that on February 17, 2010, prior to closing on the purchase, the title company provided them with documents related to the purchase.  In their complaint, Plaintiffs state,

> The documents do not identify the property as either 342 Blossom Way, or 340 Blossom Way.  Some of the documents identify the property being purchased by Plaintiffs as 336 Blossom Way, #4, Hayward, CA 94541, while others describe the property by APN number: 429-0014-128.  Within these documents, there is no connection to identify whether 336 Blossom Way, #4, is 342 Blossom Way or 340 Blossom Way.  Furthermore, the documents which describe the property using APN numbers contain different APN numbers between the documents.  Some identify the property as 429-0014-128, while others identify the property as 429-0014-129.

Complaint ¶ 18.  This should have been sufficient to put Plaintiffs on notice that there might be defects in the title to be transferred.

Accordingly, the Court finds that Plaintiffs have failed to state a claim for negligence against Defendant Wells Fargo.  Because amendment would be futile, dismissal is without leave to amend.

C.   Negligent Infliction of Emotional Distress

Negligent infliction of emotional distress is not an independent tort under California law, but is simply the tort of negligence.  Klein v. Children's Hospital Medical Center of Northern California, 46 Cal. App. 4th 889, 894 (1996).  Because the Court concludes that Plaintiffs have not stated a cause of action for negligence against Defendant Wells Fargo, Plaintiffs'

cause of action for negligent infliction of emotional distress is also dismissed as to Defendant Wells Fargo without leave to amend.

D.   Breach of Contract

"The elements of a cause of action for breach of contract are: 1) the existence of the contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages." McNeary-Calloway v. JP Morgan Chase Bank, N.A., 863 F. Supp. 2d 928, 954 (N.D. Cal. 2012). Plaintiffs allege that "Defendants breached the written agreement by failing to deliver the correct title into escrow for the Plaintiffs to receive on that date, but instead delivered title to another property." Complaint ¶ 42. As discussed above, the contract in this case is the grant deed executed by Defendant Wells Fargo and Plaintiffs. In that grant deed, Defendant Wells Fargo agreed to transfer APN 429-0014-129 to Plaintiffs. Plaintiffs have not alleged that Defendant Wells Fargo failed to make this transfer. Moreover, Plaintiffs have not alleged that Defendant Wells Fargo breached any of the implied covenants imposed by California Civil Code § 1113 discussed above. Accordingly, the Court finds that Plaintiffs have failed to state a breach of contract claim against Defendants Wells Fargo. If Plaintiffs can truthfully allege additional facts to support their breach of contract claims, they may do so in an amended complaint.

E.   Fraud

Under California law, the elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance;

9

and (e) resulting damage." Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003) (internal quotation marks and citations omitted). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Federal Rule of Civil Procedure 9(b).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  Scienter may be averred generally, simply by saying that it existed. Id. at 1547; see Fed. R. Civ. Proc. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally").  Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiffs allege that Defendant Wells Fargo falsely represented to Plaintiffs that they were contracting to purchase 342 Blossom Way.  Plaintiffs allege that "Defendants knew that that representation was false when they made it, or they made it

10

recklessly and without regard for its truth." 2AC ¶ 46. However, Plaintiffs make no factual allegations to support their contention that Defendants knew or should have known of the mistake regarding the property to be sold. As noted above, any claim for fraud must be plead with particularity. Accordingly the Court dismisses Plaintiffs' fraud claim as to Defendant Wells Fargo. If Plaintiffs can truthfully allege additional facts to support their fraud claim, they may do so in an amended complaint.

II. Defendant FHLM's Motion to Dismiss

Plaintiffs allege two causes of action against Defendant FHLM, negligence and negligent infliction of emotional distress. As discussed above, both of these claims require a showing of a duty owed by Defendant to Plaintiffs. In their opposition to the motion to dismiss, Plaintiffs argue that FHLM "owes a duty to the general public and plaintiffs not to allow the co-defendants access to its property." Opposition at 2. However, Plaintiffs do not provide any authority to support this contention. Here, Plaintiffs had no relationship to FHLM. "As a general rule one has no duty to control the conduct of another, and no duty to warn those who may be endangered by such conduct." Peterson v. San Francisco Cmty. Coll. Dist., 36 Cal. 3d 799, 806 (1984) (citations omitted). A duty may arise where "(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third party's conduct, or (b) a special relation exists between the actor and the other which gives the other a right to protection." Id. Plaintiffs have made no such allegations here. Accordingly, the Court dismisses Plaintiffs'

11

claims as to Defendant FHLM.  Because amendment would be futile, dismissal is without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Wells Fargo's motion to dismiss (Docket No. 9).  Plaintiffs' claims for negligence and negligent infliction of emotional distress are dismissed without leave to amend as to Defendant Wells Fargo.  Plaintiffs' claim for breach of contract is dismissed with leave to amend if Plaintiffs can truthfully allege facts sufficient to remedy the deficiencies noted above.  Plaintiffs' claim for fraud is dismissed with leave to amend if Plaintiffs can truthfully allege facts sufficient to support a finding that Defendant Wells Fargo recklessly disregarded the truth with respect to the property to be sold.  Any amended complaint must be filed within fourteen days of the date of this order.  If Plaintiffs file an amended complaint, Defendant shall respond to it within fourteen days after it is filed.  If Defendant files a motion to dismiss, Plaintiffs shall respond to the motion within fourteen days thereafter.  Defendants may file a reply within seven days after that.  Any motion to dismiss will be decided on the papers.

The Court GRANTS Defendant FHLM's motion to dismiss (Docket No. 23).  Plaintiffs' claims against Defendant FHLM are dismissed without leave to amend.

A case management conference will be held in this case at 2:00 PM on Wednesday, December 3, 2014. The parties shall submit a joint case management statement by November 26, 2014.

IT IS SO ORDERED.

Dated: September 25, 2014

CLAUDIA WILKEN
United States District Judge